WEIMER, J.,
dissenting.
|,I respectfully dissent and would deny the writ.
As this court previously explained, our review of a district ‘ court’s ruling on a motion to suppress should be deferential. “Trial courts are vested with great discretion when ruling on a motion to suppress. Consequently, the ruling of a trial judge on a motion to suppress will not be disturbed absent an abuse of that discretion.” State v. Leger, 2005-0011, p. 10 (La.7/10/06), 936 So.2d 108, 122.
Here, the district court found the probative value of a photograph is not merely outweighed, but is “far outweigh[ed],” by its effect of unfair prejudice. The district court further explained: “Since we already have pictures for identification purposes, it’s out.”
The photograph depicts, ‘ among other matters, the defendant utilizing the middle finger of one hand in an offensive gesture. The state does not dispute that the photograph at issue was taken years before the crime for which the, defendant is charged. The state does not dispute that other photographs, purportedly depicting the defendant, have thus far been found admissible.
The district .court applied the correct legal standard,. as La. C.E. art. 403 “requires a weighing and balancing of the probative value of the evidence against the | legitimate consideration's of judicial administration enumex-ated in that article.” State v. Mosby, 595 So.2d 1135, 1139 (La.1992) (internal quotations omitted). Additionally, this court previously recognized that “[ujltimately, questions, of relevancy and admissibility are discretion calls for the trial judge.” Id.
Because the district court applied the correct legal standard and because the record pi*ovides support for the district court’s ruling, I find no abuse of discretion. *965 I agree with the appellate court, which unanimously denied writs, that the district court’s ruling does not merit an exercise of supervisory jurisdiction. This court should not be engaged in evaluating whether one of a number of photographs should or should not be admitted into evidence, nor should we attempt to rectify each and every perceived error.